IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Barbara Lyles, | ) | C/A No.: 3:16-3882-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| | ) | |
| Investigator Dennis Tracy; | ) | |
| Joseph C. Ross; and | ) | |
| City of Columbia, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The Plaintiff, Barbara Lyles ("Lyles") filed this civil action, alleging varioius

constitutional and state law torts arising out of her arrest and prosecution for forgery.

(ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)

(D.S.C.), the case was referred to a Magistrate Judge for review.


I.      **PROCEDURAL BACKGROUND**


Plaintiff filed this Complaint on December 13, 2016. (ECF No. 1). Defendants

filed an answer on March 13, 2017. (ECF No. 8). Defendants filed several motions for

summary judgment on January 8, 2018. (ECF Nos. 26, 27, 28). On February 4, 2018,

Plaintiff responded in opposition to the Motions. (ECF Nos. 35, 36, 37). On April 27,

2018, the Magistrate Judge issued a Report and Recommendation ("Report"),

recommending Defendants' Motions be granted. (ECF No. 41). Plaintiff filed an

objection to the Report on May 10, 2018. (ECF No. 42). The Defendants' replied to Plaintiff's Objection on May 24, 2018. (ECF No. 44).

Thus, this matter is ripe for review.

## II.    LEGAL STANDARD

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation and opines that Defendants' Motions for Summary Judgment (ECF Nos. 26, 27, 28) should be granted. (ECF No. 41). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

A district court is only required to conduct a de novo review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Va. Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Plaintiff has made a specific

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the Complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

## III.    ANALYSIS

In her Objection to the Magistrate's Report, Plaintiff has made no specific

objection to the Magistrate's Report. *See* (ECF No. 42). To the contrary, Plaintiff merely cites to legal authorities, makes conclusory allegations, and reasserts arguments from its responses to the Defendants' Motions for Summary Judgment. (ECF Nos. 35, 36, 37). Without specific objections to the Report, this Court is not required to give an explanation for adopting the Magistrate's recommendation. *See Camby*, 718 F.2d at 199.

## IV. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Magistrate's recommendation (ECF No. 41). Therefore, Defendants' Motions for Summary Judgment (ECF Nos. 26, 27, 28) are granted.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

May 24, 2018                             Joseph F. Anderson, Jr.
Columbia, South Carolina          United States District Judge